IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gordon Marshall,                                    Case No. 3:06CV7094

         Plaintiff

v.                                                 ORDER

Managed Care Advisory Group, et al.,

         Defendant

       This is a suit by an attorney, appearing pro se, against a company, Managed Care Advisory Group, and individuals affiliated with that company. Plaintiff claims that he is entitled to a finder's fee for having found a source of venture capital funds for the company. Plaintiff claims entitlement to a portion of those funds as well as to a share of the company and its future profits.

       Plaintiff bases his claim on an oral contract. A proposed written contract was not signed by the parties.

       Plaintiff originally filed this suit in the Southern District of New York. That court transferred the case to this court under 28 U.S.C. § 1404 [inconvenient forum]. Pending is plaintiff's motion to re-transfer this case to the Southern District of New York, albeit to a different Division than that in which he originally filed his complaint.

       The motion, which is opposed by Defendants, shall be denied.

The gravamen of the motion filed by the plaintiff, who is seventy-nine years old, is that his health has deteriorated significantly since the original decision to transfer this case to this court. As a result, plaintiff asserts that he is not able to travel to Ohio and is unable to maintain suit in this court.

In support of his contentions about his health and inability to travel, plaintiff submits statements from his treating physician and medical records.

Defendants do not challenge the plaintiff's allegations regarding the condition of his health or its effect on his ability to travel.

Plaintiff's motion also recites fifty-two indicia of contacts between the parties that, he contends, justify having this case heard in New York, rather than Ohio. Those allegations were, or could have been, before the Southern District of New York at the time of its decision to transfer this case here. They will, accordingly, not be considered; to do otherwise would cause this court to sit in review of that court's decision, which is not proper or permissible. *See, e.g., Harper v. Trans Union, LLC*, 2005 WL 697490, *2 (E.D.Pa.) ("It is axiomatic that one district court has no jurisdiction to review the decision of another district court.") (citations omitted); *Kudirka v. Reno*, 2002 WL 1635467, *1 (E.D.La.); *Brushwood v. Litscher*, 2000 WL 34229420, *1 (W.D.Wis.); *Jackson v. Jarman*, 1998 WL 41576, *1 (D.D.C.).

Plaintiff cites no decisions supporting his request for transfer on the basis of his poor – and, indeed, perhaps endangered – health. Having to come to Toledo might well pose risks, even grave risks, to his well-being, but that does not mean that he cannot maintain his suit here.

First, I note that he is appearing pro se: a principal way to address his problem is to retain an attorney to represent him. Given the magnitude of his claim [and despite his assertion that he is

"penniless"], this should not be particularly difficult if his claim has some plausible merit in the eyes of an attorney.

Second, it is this court's consistent practice to conduct as much of its judicial business as possible by telephone; this is particularly so when counsel [or, in this case, a pro se litigant] is out of town. Although plaintiff was ordered to appear for an initial pretrial conference [at which I intended to have the parties engage in substantive settlement negotiations], that conference was vacated on plaintiff's request due to his uncertain health.

Given the condition of plaintiff's health, this court is not averse to foregoing its otherwise strictly enforced practice of requiring parties to attend all settlement conferences in person.

Third, to the extent depositions are necessary, witnesses, including the plaintiff, resident in New York or elsewhere than this Division of this District can be deposed in their home locales. With regard to depositions occurring within this Division, the plaintiff can participate by telephone or video conference. This court favors telephonic depositions, and commonly encourages counsel and parties to consider them.

To be sure, if this case proceeds to trial, the foregoing responses to plaintiff's medical condition might not be adequate to protect his fundamental right to attend and participate. To protect that right, I am amenable to revisiting the issue of where the trial will be held, once, following adjudication of pretrial motions, trial becomes necessary.

Thus, I conclude that plaintiff has shown insufficient grounds to revisit the issue of the appropriate forum, and the transfer order entered previously by the Southern District of New York will not be disturbed.

The defendants have recently filed a motion to dismiss. Leave shall be granted to plaintiff to respond to that motion on or before October 2, 2006; defendants' reply is to be filed on or before October 16, 2006.

It is, therefore,

ORDERED THAT

1. Plaintiff's motion to transfer from this District to the Southern District of New York, White Plains Division be, and the same hereby is denied;

2. Plaintiff to file opposition to pending motion to dismiss on or before October 2, 2006; defendants' reply to be filed on or before October 16, 2006.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge