IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gordon Marshall,                                             Case No. 3:06CV7094

       Plaintiff

v.                                                      ORDER

Managed Care Advisory Group, Inc., et al.,

       Defendant

       This is a lawsuit filed on April 4, 2005, by a pro se lawyer plaintiff who seeks to recover several million dollars from the defendants on the basis of an alleged oral contract for the plaintiff to perform capital fund-raising brokerage services for the defendant Managed Care Advisory Group of Ohio. The plaintiff originally filed the case in the Southern District of New York, where he resides. That court transferred the case to this court on March 9, 2006.

       The undersigned scheduled a case management conference for May 1, 2006. The case management order directed the parties to appear in person and to be prepared to discuss settlement.

       Plaintiff did not attend the conference. It was reset for June 12, 2006, with the same directive regarding attendance by the parties, who again were ordered to be prepared to discuss settlement.

       Plaintiff did not attend that conference. Instead, on June 30, 2006, he filed a motion to transfer venue back to the Southern District of New York. I denied that motion on September 8, 2006.

       Defendants filed a motion to dismiss on August 15, 2006. Plaintiff has yet to respond to that motion, having secured a series of postponements.

Plaintiff asserts that he has been unable to come to Toledo as directed and to file his opposition to the motion to dismiss due to ill health. I have suggested that he obtain an attorney who can appear on his behalf. He claims, without supporting affidavit or proof of his financial circumstances, to be impecunious. He likewise has not informed the court of what efforts, if any, he has made to secure counsel.

There having been no progress in this case since its transfer here [and, indeed, since its original filing nineteen months ago in the Southern District of New York], I entered an order on October 4, 2006, in which I directed the plaintiff to file, or cause to have filed, his opposition to the motion to dismiss by December 1, 2006. I stated in that order that failure to comply with its command would result in dismissal of the plaintiff's complaint with prejudice for want of prosecution.

My office informed me on November 29, 2006, by e-mail that

Gordon Marshall called the other day asking for a 5 wk extension. He said he was in the hospital and unable to file a motion. You asked me to get counsel on the phone. Bob Bahret [counsel for defendants] was in trial. I said I would set for Friday. Marshall said he is having abdominal surgery today and will not be able to appear for [telephone pretrial]. He is again requesting 5 week extension.

The motion for an extension shall be denied, and the plaintiff's complaint shall be dismissed with prejudice for want of prosecution.

As long as this case has been pending in this court, plaintiff has excused his non-participation and failure to comply with various orders on the basis of ill health and straitened financial circumstances. Though he asserts a right to recover several million dollars from the defendants, he has failed to obtain counsel. Given the magnitude of plaintiff's *ad damnum*, it is inconceivable that plaintiff, had he undertaken diligent efforts to secure counsel, has been unable to do so.

It is not unreasonable, in my view, to insist that a plaintiff, despite the infirmities of age and impairment of poor health, to procure counsel and otherwise cause his case to be prosecuted with some modicum of diligence and commitment. Plaintiff was warned that continued failure to comply with the most minimal of obligations would result in dismissal of his complaint for want of prosecution. Nonetheless he waited until the next-to-last minute to call my office and ask for yet another extension. The formalities of filing a motion with supporting documentation of his condition and circumstances were simply disregarded.

Plaintiff filed this suit. He seeks substantial damages. Two courts have told him his suit belongs here, whether he likes it or not. He has repeatedly been ordered. to participate in this case and move it along. While it is understandable that he, of necessity, has to tend to his health and physical well-being, it is not understandable that he has failed to retain counsel to represent him, or, at the very least, to show that he has been unable to procure counsel, despite diligent, good faith efforts to do so.

Because plaintiff has failed to prosecute this action with even minimal attentiveness, it is

ORDERED THAT the complaint be, and the same hereby is dismissed, with prejudice, as to all defendants.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge